David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92105
(619) 233-7770
(619) 297-1022

Attorneys for Plaintiff
Michael Bumpus

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| Michael Bumpus | Case No: _____ |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Neuheisel Law Firm, P.C., Gloria Zarco, and CACH LLC | **Jury Trial Demanded** |
| Defendants. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Michael Bumpus, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Neuheisel Law Firm, P.C., Gloria Zarco, and CACH LLC ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because Defendants do business within the State of Caifornia, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendants conducted business within the State of Caifornia.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Porterville, State of Caifornia.

14. Defendant Neuheisel and Defendant Zarco are located in the City of Sacramento, in the State of California.

15. Defendant CACH LLC is located in the City of Buffalo, in the State of New York.

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Plaintiff is a member of the United States military, and has been active duty, deployed since February 2009.

18. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

19. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

20. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

21. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

22. Plaintiff is informed and believes and thereon alleges that Defendant Zarco was acting as an agent of Defendant Neuheisel and/or Defendant CACH; Therefore, Defendant Neuheisel and/or Defendant CACH can be held responsible and is vicariously liable for the conduct of Defendant Zarco.

23. Plaintiff is informed and believes and thereon alleges that Defendant Neuheisel was acting as an agent of Defendant Zarco and/or Defendant CACH; Therefore, Defendant Neuheisel and/or Defendant CACH can be held responsible and is vicariously liable for the conduct of Defendant Neuheisel.

24. Defendant CACH can be held vicariously liable for the collection activities of their attorneys acting on their behalf.

## FACTUAL ALLEGATIONS

25. Sometime before August 11, 2010, Plaintiff is alleged to have incurred certain financial obligations.

26. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

27. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

28. Sometime thereafter, but before August 11, 2010, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

29. Subsequently, but before August 11, 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

30. On or about August 11, 2010, Defendants filed a complaint in the Superior Court of California, County of Tulare, Porterville Court against Plaintiff Michael Bumpus, case number PCL 142335.

31. Defendants' process server then attempted to serve Plaintiff at the address of 934 W. Henderson Ave #199, Porterville, CA 93257.

32. This address is a mailbox store.

33. Defendants' process server claimed to have completed service on Plaintiff Michael Bumpus at this mailbox store on August 16, 2010, and a proof of service was filed in state court on September 22, 2010.

34. On or about November 18, 2010, Defendants filed in state court a Request for Entry of Default and Court Judgment.

35. In this Request for Default, Defendant Zarco falsely stated that Plaintiff Michael Bumpus was not in the military and not entitled to the benefits of the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq. ("SCRA").

36. The natural consequence of this conduct was to harass, oppress, or abuse Plaintiff and it therefore violated 15 U.S.C. § 1692d.

37. These statements by Defendant were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.

As such, these actions by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

38. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

39. These statements also represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

40. This call was also an unfair or unconscionable means to collect or attempt to collect a debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

41. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

42. On or about November 22, 2010 judgment was entered in against Plaintiff Michael Bumpus for the amount of $10,784.24.

43. Plaintiff had no notice of the lawsuit or the entry of default until December 2010. In December of 2010, Plaintiff returned home for a short leave during the holidays.

44. At this time, Plaintiff retained counsel to set aside the default and default judgment in state court.

45. Due to Defendant's abusive actions, Defendant caused Plaintiff to suffer mental anguish which manifested in the symptoms including but not limited to stress, sleeplessness, nervousness, anxiety, distraction, and negatively affecting his security clearance greatly impacting his position with the United States Navy.

46. Defendant has also had to incur attorney's fees to set aside the improperly obtained default judgment.

## CAUSES OF ACTION

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

47. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

49. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

51. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

52. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

53. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: january 24, 2011    By:  */s/ David J McGlothlin*
David J. McGlothlin
Attorneys for Plaintiff